SIDNEY J. COHEN, ESQ., State Bar No.  39023
SIDNEY J. COHEN PROFESSIONAL CORPORATION
427 Grand Avenue
Oakland, CA  94610
Telephone:  (510) 893-6682

Attorneys for Plaintiff
ROBERT S. KOSLOFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT S. KOSLOFF<br><br>        Plaintiff,<br><br>v.<br><br>DAVID SHARRETTS, individually and dba DEVINO'S PASTA & PIZZA; THOMAS R. LILE, JR. and KAREN J. LILE, as Trustees Under That Certain Agreement Dated October 1, 1973, as Amended; and DOES 1-25, Inclusive,<br><br>        Defendants.<br>_____/ | CASE NO. C o4-00566 JCS<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:  DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, (§54, §54.1, §55 CIVIL CODE; §19955 ff HEALTH & SAFETY CODE); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

   Plaintiff ROBERT S. KOSLOFF complains of Defendants above named, and each of them, and alleges as follows:

**FIRST CAUSE OF ACTION:  DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC
ACCOMMODATION:  PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION
(§§19955 Et. Seq., Health & Safety Code, §54.1 Civil Code)**

   1.   Plaintiff Robert S. Kosloff is a "person with a disability" or "physically handicapped person."[1]  Plaintiff Robert S. Kosloff requires the use of a wheelchair for locomotion and is unable

---

[1] (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§54, 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

Complaint for Damages and Injunctive Relief           -1-                    Complaint-Damages-Inj-Relief

to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2. **SUMMARY**: This case involves the denial of parking, path of travel, entrance, restrooms and related facilities to Plaintiff Kosloff and other disabled persons at Devino's Pasta & Pizza Restaurant and the shopping center of which it is a part at 2221-2243 Morello Avenue, Pleasant Hill, California. Plaintiff Kosloff was denied equal protection of the law and was denied Civil Rights under both California law and federal law. Plaintiff was denied his rights to full and equal access at the restaurant and shopping center and, most humiliatingly, the public restroom facilities, because the restaurant, center, and its facilities were not properly accessible to disabled persons such as Plaintiff who use wheelchairs. Plaintiff seeks **injunctive relief** to require Defendants to make these specified facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the public facilities in this restaurant and center will be provided accessible entry, proper accessible facilities, and proper access to usable sanitary facilities. Plaintiff also seeks recovery of **damages** for his personal damages and discriminatory experiences and seeks recovery of reasonable **attorneys' fees, litigation expenses and costs**, according to statute.

3. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq*., Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

4. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

5. **INTRADISTRICT:** This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in said intradistrict and Plaintiff's causes of action arose in said intradistrict.

6. Defendants above named, and each of them, and DOES 1-5, Inclusive, are the owners, operators, lessors, lessees, franchisors, and franchisees of the property, premises, and restaurant. This building is a "public accommodation or facility" subject to the requirements of California Health & Safety Code §19955 et seq. and of the California Civil Code, §54, et seq. On information and belief, such facility has, since July 1, 1970, either been constructed or undergone "alterations, structural repairs, or additions" subjecting such restaurant to disabled access requirements per sections 19955-19959 Health & Safety Code.

7. The true names and capacities of Defendants DOES 1 through 25, Inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff is informed and believes that each of the Defendants herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8. Defendants above named, and each of them, and DOES 1-25, Inclusive, are and were the owners, operators, lessors, lessees, franchisors, and/or franchisees of the subject restaurant and shopping center of which it a part at all times relevant to this Complaint. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9. Plaintiff and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of the Health & Safety Code §19955 et. seq. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of §19955 et seq. Health & Safety Code. The acts and omissions of Defendants complained of herein were committed in Pleasant Hill, Contra Costa County, State of California.

10. §19955 Health & Safety Code was enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7

(commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined to include restaurants and public accommodations. §19955 Health & Safety Code also requires that, "When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the physically handicapped." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" is carried out. On information and belief, the original construction of the building and/or alterations, structural repairs, or additions which additionally triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect.

11. On July 14, 2003 Plaintiff and a friend and acquaintances were customers at the subject restaurant. Plaintiff, who traveled by van to the restaurant and center, had to park in a parking space that was not van accessible because the parking lot does not have a van accessible space. Plaintiff encountered difficulty in proceeding from the parking lot to the restaurant because the curb ramps have excessive slopes and an abrupt drop off and because there is not a properly accessible path of travel to the building entrances. Once Plaintiff reached the entrance he encountered difficulty in obtaining entry because the force to open the exterior door is excessive and because the exterior door is narrow and lacks a 10" minimum high bottom rail. Plaintiff was able to gain access to the interior of the restaurant, was seated with his friend, and had dinner. After dinner, and in immediate physical need of a restroom, Plaintiff was directed to a rear door of the restaurant which has no strike side clearance on the pull side of the door and which causes difficulty. The rear door opens to a corridor which leads to a men's restroom in the core of the building. Upon reaching the men/s room, Plaintiff found it difficult to gain entry and to maneuver in the common restroom area because of the lack of proper space in the direction of the door swing, lack of proper space in the restroom interior, and lack of proper path of travel width to the toilet stalls. Upon reaching the allegedly "accessible" toilet stall, Plaintiff found that the toilet was totally

Complaint for Damages and Injunctive Relief −4− Complaint-Damages-Inj-Relief

inaccessible to persons such as himself that require a wheelchair for mobility and who can only make a "side transfer" from a wheelchair to a toilet. In addition, Plaintiff observed that it was not possible for a wheelchair user such as himself to both enter the stall and close the door to the stall. Because Plaintiff could not use the toilet in the men's restroom, he was forced to depart immediately so as to locate an accessible restroom elsewhere.

12. The property and facilities are not properly accessible to persons such as Plaintiff who require the use of a wheelchair for mobility in other particulars as well, including but not necessarily limited to a lack of proper disabled access signage, lack of accessible path of travel from the public right of way to the building entrances, and lack of a properly accessible woman's restroom.

13. Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of §54(c) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to 54.3 and 55 Civil Code.

14. Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of §54.1(d) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to §§54.3 and 55 Civil Code.

15. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the above acts and omissions of Defendants, which are continuing on a daily basis and have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to that restaurant. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities and requires the use of a wheelchair for movement in public places; Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and

use of this public restaurant, center, and their facilities. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this court.

16. **DAMAGES:** As a result of the denial of equal access to the restaurant and center and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, franchising, constructing, altering, and maintaining the subject facility, Plaintiff suffered a violation of his Civil Rights including but not limited to rights under §§ 54 and 54.1 Civil Code, and suffered physical discomfort and pain, mental and emotional distress, embarrassment and humiliation, all to his damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against Plaintiff on the sole basis that he was physically disabled and unable, because of the architectural barriers created and/or maintained by the Defendants in violation of the subject laws, to use the restaurant's and center's public facilities on a full and equal basis as other persons. Plaintiff also seeks trebling of all actual damages, general and special, as provided by §54.3 Civil Code.

17. **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Plaintiff Kosloff has been required to incur attorneys' fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney's fees and costs, pursuant to the provisions of §54.3 Civil Code. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of §1021.5 Code of Civil Procedure.

18. Wherefore Plaintiff Kosloff asks this court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant such access to Plaintiff and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by §19953 Health & Safety Code and California Civil Code §55, and other law. Plaintiff further requests that the court award damages, attorneys' fees, litigation expenses and costs pursuant to Civil Code §54.3 and statutory costs, attorneys' fees, and litigation

expenses pursuant to §19953 Health & Safety Code, Civil Code §55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

Wherefore Plaintiff prays for relief as hereinafter stated:

**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §12101FF**

19. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 18 of this Complaint, and incorporates them herein as if separately repled.

20. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . . ."

21. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

> It is the purpose of this act
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

22. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the

Complaint for Damages and Injunctive Relief —7— Complaint-Damages-Inj-Relief

"ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Among "private entities" which are considered "public accommodations" for purposes of this title are a "... a restaurant, bar or other establishment serving food or drink." (§301(7)(B)).

23. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

24. Among the specific prohibitions against discrimination were included:

§302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

§302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

25. The removal of each of the barriers complained of by Plaintiff Kosloff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law.

26. On information and belief, as of the date of Plaintiff's visit to the restaurant and center, and as of the date of the filing of this Complaint, the premises denied full and equal access

to Plaintiff and to other disabled wheelchair users in other respects, which violated Plaintiff's rights to full and equal access and which discriminated against Plaintiff on the basis of his disability, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182.

27. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and of other disabled persons to access this public accommodation since on or before plaintiff's encounter. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

28. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the Restaurant.

Wherefore Plaintiff prays for relief as hereinafter stated:

**PRAYER**

1. Issue a preliminary and permanent injunction directing Defendants as current owners and operators of the subject restaurant to modify the above described restaurant, center, and related facilities so that each provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law; and that Defendants be prohibited from operating this restaurant and center as a public accommodation until such access for disabled persons is provided.

2.  Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3.  Award to Plaintiff all appropriate damages, including but not limited to statutory damages and general damages in an amount within the jurisdiction of the Court;

4.  Award to Plaintiff all reasonable attorneys' fees, all litigation expenses, and all costs of this proceeding as provided by law; and

5.  Grant such other and further relief as this Court may deem just and proper.

Dated: 2/10/04

SIDNEY J. COHEN
PROFESSIONAL CORPORATION

/s/ Sidney J. Cohen
By _____
Sidney J. Cohen
Attorney for Plaintiff Robert S. Kosloff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: 2/10/04

SIDNEY J. COHEN
PROFESSIONAL CORPORATION

/s/ Sidney J. Cohen
By _____
Sidney J. Cohen
Attorney for Plaintiff Robert S. Kosloff

### CERTIFICATION OF INTERESTED PARTIES

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no interest to report.

Dated: 2/10/04

SIDNEY J. COHEN
PROFESSIONAL CORPORATION

/s/ Sidney J. Cohen
By _____
Sidney J. Cohen
Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28